FILED

JUN -5 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
              DEPUTY CLERK

IN THE UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF
TEXAS AUSTIN DIVISION

OSAYUKI OGBEIDE, §
§
Plaintiff §
§
§
§
§
§
v. §
§ NO. _____
THOMAS J. HENRY, PLLC, LAURIE §
DOBSON, AND NATHAN BAUM, § SA25CA0646
§
Defendants. §

SA25CA0646 OG

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR EMPLOYMENT DISCRIMINATION AND RETALIATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Osayuki Ogbeide ("Plaintiff"), and files this Complaint against Thomas J. Henry, PLLC ("TJH"), Laurie Dobson, and Nathan Baum (collectively, "Defendants"), and respectfully alleges and shows as follows:

### I. INTRODUCTION

1. This is an action for employment discrimination and retaliation brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Texas Labor Code Chapter 21. Plaintiff also asserts supplemental state law claims, including defamation, malicious prosecution, and intentional infliction of emotional distress.

2. Plaintiff brings this lawsuit within 90 days of receiving his Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") dated May 2, 2025 (Charge No. 31C-2025-00299).

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 (supplemental jurisdiction).

4. Venue is proper in this district under 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in this District and Plaintiff resides in Travis County, Texas.

## III. PARTIES

5. Plaintiff Osayuki Ogbeide is an individual and resident of Travis County, Texas.

6. Defendant Thomas J. Henry, PLLC (TJH) is a professional limited liability company with its principal place of business at 5711 University Heights Blvd, San Antonio, TX 78249. It may be served by its registered agent.

7. Defendant Laurie Dobson is a partner or managing agent of TJH and may be served at the firm's San Antonio office.

8. Defendant Nathan Baum is an attorney at Norton Rose Fulbright and acted on behalf of TJH during the retaliatory litigation. He may be served at his place of business in Dallas, Texas, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201.

## IV. FACTUAL BACKGROUND

9. Plaintiff was rehired and promoted by TJH for a Litigation Associate role in mid-2024 and quickly rose to become the highest-earning attorney in Group 3 (G3) within two months, generating over $500,000.00 in revenue for the firm.

10. Despite his success, Plaintiff was subjected to a hostile work environment, discriminatory treatment, and was denied access to his employment contract for two months.

11. Plaintiff was targeted by Randall Meredith (G3 Manager) and others who used racial slurs, harmful management tactics, while spreading false rumors because of his race (Black), color, and national origin (African American / Black-British).

12. Plaintiff reported these issues to Human Resources and disclosed his intent to report discrimination to regulatory agencies.

13. One week later, TJH terminated Plaintiff and filed a baseless lawsuit against him (on July 5th, 2024), falsely accusing him of diverting and harming clients (CAUSE NO. 471-04265-2024).

14. Five client affidavits were submitted refuting the client-diversion claim.

15. Defendant Baum defamed Plaintiff in open court, falsely accusing him of impersonating the firm to schedule a hearing (CAUSE NO. DC-23-06248 Caudill v. Eagle Group et al). This accusation led to Judge Martin Hoffman sanctioning Plaintiff in the amount of $10,000.00 and dismissing the former TJH client's case (Jana Renee Edwards), which in turn left her in debt with medical bills exceeding $400,000.00.

16. After Plaintiff filed a class action with the support of five clients against Defendant, Thomas J. Henry PLLC (CAUSE NO. D-1-GN-24-007460), Defendant retaliated further by pursuing prolonged litigation and threatening incarceration if Plaintiff continued speaking out.

17. Clients and witnesses, including Richard Stuart, Ashley Taylor, and Jana Renee Edwards, testified at a show cause hearing on February 25, 2025 (CAUSE NO. 471-04265-2024), denying TJH's allegations, showing the reason for Plaintiff's termination was a pretext for discrimination.

18. Despite repeated contact, the court coordinator failed to provide transcripts or respond to inquiries from Plaintiff or his client witnesses (former TJH clients), raising concerns of judicial misconduct.

19. Defendants have intentionally delayed client settlements, specifically withholding Ashley Taylor's payment for nine months after she supported the Plaintiff in his class action. Additionally, Defendants willfully mishandled Richard Stuart's personal injury case, and threatened such client

not to be a witness for Plaintiff. The pattern of Defendant's misconduct is consistent through their mistreatment of clients and racial discriminatory actions against Plaintiff.

20. Defendant, Thomas J. Henry PLLC have abused their power and position in the legal industry for 20+ years. This court has been forced to sanction Thomas J. Henry for failing to participate in a deposition in a separate matter. TJH's desperation to gain control over the Plaintiff made them ruin their former client's case (Jana Renee Edwards). Laurie Dobson and Nathan Baum are both suffering from incurable insecurities and their actions have become uncontrollable by state courts and regulators.

21. More than 7 clients have filed grievances to the State Bar of Texas against TJH in connection with Plaintiff's wrongful termination and discrimination. Racism and elitism are embedded in TJH's policy and are reinforced vehemently through their managers and external counsel.

22. Plaintiff suffered severe emotional and physical harm, including panic attacks requiring ER treatment, mental health therapy, hair loss, and back strain.

23. Defendants have harassed, stalked, and bullied Plaintiff for 11 months. Nathan Baum has devised a senseless legal approach that leverages his status and network to bypass procedural rules, collude with judges, all in an effort to sanction Plaintiff and hinder his ability to practice law.

24. Nathan Baum's illogical and unethical actions are brazened. At present, he continues to stalk Plaintiff's social media. Nathan Baum's obsession and relentless effort to silence and harm the Plaintiff showcase his lack of fitness to practice law.

25. Nathan Baum's strategy is to lie, make threats and stalk. The court must hold him accountable personally for his unethical and unprofessional actions.

## V. CAUSES OF ACTION

**COUNT I:** Race, Color, and National Origin Discrimination / Wrongful Termination (Title VII & Texas Labor Code)

26. Plaintiff incorporates paragraphs 1 through 25.

27. Plaintiff was treated less favorably than similarly situated non-Black attorneys.

28. Defendants subjected Plaintiff to adverse actions based on protected characteristics.

**COUNT II:** Retaliation for Protected Activity (Title VII & Texas Labor Code)

29. Plaintiff engaged in protected activity by reporting discrimination and filing EEOC complaints.

30. Defendants retaliated by terminating him, initiating malicious litigation, and threatening imprisonment.

**COUNT III:** Defamation

31. Defendants published false statements to third parties accusing Plaintiff of client theft and impersonation, damaging his reputation.

**COUNT IV:** Malicious Prosecution

32. The lawsuit filed by TJH lacked probable cause and was brought for improper purposes.

**COUNT V:** Intentional Infliction of Emotional Distress

33. Defendants' conduct was extreme and outrageous, causing severe emotional distress.

## VI. DAMAGES

34. Plaintiff seeks **$150 Million** in Monetary Relief and all relief permitted by law, including:

a. Compensatory damages for emotional distress, reputational harm, and lost earnings.

b. Punitive damages.

c. Back pay and front pay.

d. Attorneys' fees and costs.

e. pre-and post-judgment interest.

## VII. JURY DEMAND

35. Plaintiff demands trial by jury on all issues so triable.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Osayuki Ogbeide respectfully requests that Defendants be cited to appear and answer and that upon final trial, judgment be entered in his favor for the relief requested above, and for such other and further relief as the Court may deem just.

Respectfully submitted,

THE LAW OFFICE OF OSAYUKI OGBEIDE, P.C.
/s/ Osayuki M. Ogbeide
Osayuki Michael Ogbeide
State Bar No. 24121175
E-mail: Omu@takeleadlaw.com
1401 Lavaca St. #1005
Austin, Texas 78701
Telephone: (512) 661-1228
Facsimile: +15122777526
**PRO SE PLAINTIFF**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Direct Dial: (210) 640-7530
FAX (210) 281-2522
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued on: May 2, 2025

**To:** Osayuki M. Ogbeide
2100 Pipers Field Dr. Unit 20
Austin, TX 78758

**Re:** Osayuki M. Ogbeide v. Thomas J. Henry, PLLC
EEOC Charge Number: 31C-2025-00299

EEOC Representative and email:   Hector Colon-Padro
State, Local and Tribal Program Manager
hector.colon-padro@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed. The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is the official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) Please retain this notice for your records.

On behalf of the Commission:

For

HECTOR COLON-PADRO
Digitally signed by HECTOR COLON-PADRO
Date: 2025.05.02 08:12:17 -05'00'

Norma J. Guzman
Field Director

cc:   Laurie Dobson
TJH Law
5711 University Hts Ste 101
San Antonio, TX 78249