CAUSE NO. 471-04265-2024

| | | |
|---|---|---|
| **THOMAS J HENRY LAW, PLLC,** § § | **IN THE DISTRICT COURT OF** |
| Plaintiff, § § § § | |
| v. § § | **COLLIN COUNTY, TEXAS** |
| **OSAYUKI MICHAEL OGBEIDE,** § § § | |
| Defendant. § § | **471ST JUDICIAL DISTRICT** |

## ORDER FOR SHOW CAUSE HEARING

On November 26, 2024, the Court held a hearing on Plaintiff Thomas J. Henry Law, PLLC's ("TJH") Motion for Contempt and Sanctions filed on November 12, 2024, along with the Request for Emergency Hearing on the Motion for Contempt and Sanctions filed on November 19, 2024 (collectively, the "Motion"). The Motion seeks to have Defendant Osayuki Michael Ogbeide, also known as Osayuki Uwuigbe (collectively, "Ogbeide"), held in and punished for contempt of Court for failing to comply with this Court's October 16, 2024 Temporary Restraining Order ("TRO") and the Court's October 30, 2024 Temporary Injunction Order ("TI"). TJH asserts that Ogbeide violated the TRO and TI by making threats against Thomas J. Henry himself, TJH's General Counsel Laurie Dobson, and TJH's outside counsel Nathan Baum. The Motion also seeks sanctions against Ogbeide for the same violations and conduct. After analyzing the Motion, the arguments of counsel at the hearing, and the evidence and testimony presented (including the social media videos played at the hearing that were admitted into evidence), the Court is of the opinion that the Motion is found legally sufficient and a show cause hearing is necessary.

Ogbeide is ordered to appear before this Court on _____ in the 471st Judicial District Court of Collin County, Texas, 2100 Bloomdale Rd., McKinney, TX 75071 to show cause as to why he should not be held in contempt of Court relating to the allegations and potential violations listed above. Ogbeide is also ordered to show cause as to why he should not be sanctioned pursuant to the Court's inherent authority and discretion. TJH has requested a $100,000 sanction in the Motion under the Court's inherent authority, and the potential range of punishment for contempt includes a fine of up to $500 and confinement in the county jail for up to six months per proven violation.

If, after the hearing, the Court finds that Ogbeide has not complied with the Court's lawful orders, the Court may exercise its enforcement powers, including criminal contempt, civil contempt, and sanctions under the Court's inherent powers. The Court's inherent sanctions authority includes but is not limited to the authority to order Ogbeide to pay: (1) reasonable and necessary attorneys' fees incurred in this matter by TJH because of his refusal to comply with the Court's orders; (2) all costs of Court for the contempt and show cause hearings held in this matter; and/or (3) any other appropriate sanction, including those listed in Rule 215.2 of the Texas Rules of Civil Procedure.

From the date of this Order until the show cause hearing date listed above, Ogbeide must immediately cease all threatening and harassing conduct (including on social media or otherwise) towards Thomas J. Henry himself, TJH, TJH's employees, and TJH's in-house and outside counsel and refrain from future conduct in violation of the TI entered in this matter. This instruction applies not only to Ogbeide but anybody acting on Ogbeide's behalf.

- 3 -

Ogbeide has represented to the Court that he is traveling out of the country and residing in the Netherlands until late January 2025.  Ogbeide is instructed that if and when he returns to the State of Texas before January 31, 2025, he must notify all counsel of record by email of the dates and cities in which he will be in Texas.

If Ogbeide fails to appear before this Court for the show cause hearing, the Court will issue a writ of attachment.  The Court will assess any expenses incurred in executing the attachment and necessary confinement against Ogbeide.

_____
PRESIDING JUDGE