Filed: 2/24/2025 5:46 AM
Michael Gould
District Clerk
Collin County, Texas
By Sara Jones Deputy
Envelope ID: 97691973

CAUSE NO. **471-04265-2024**

| | | |
|---|---|---|
| THOMAS J. HENRY, PLLC, | § § § §. §. §. | IN THE DISTRICT COURT |
| *Plaintiffs,* | | |
| v. | § §. §. §. §. | 471ˢᵗ JUDICIAL DISTRICT |
| OSAYUKI MICHAEL OGBEIDE | §. §. §. §. | |
| *Defendants.* | § § | COLLIN COUNTY, TEXAS |

---

## DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant, **Osayuki Michael Ogbeide**, and files this **Amended Response to Plaintiff's Motion for Sanctions and Contempt and Motion for Countersanctions**. Defendant respectfully requests this Court deny Plaintiff's baseless motion and impose countersanctions against Plaintiff for abusive litigation tactics, harassment, and improper use of judicial resources. In support of this response, Defendant states as follows:

---

## I. FACTUAL BACKGROUND

1. On **July 3, 2024**, Defendant's employment with Plaintiff was terminated due to an alleged attempt to divert clients and harm Plaintiff's business.

2. On **July 8, 2024**, Plaintiff obtained a **Temporary Restraining Order (TRO)** against Defendant to protect the firm's confidential information. *(See Exhibit A: TRO 7/8/24.)*

3. In an effort to comply, Defendant proposed a **Rule 11 Agreement** incorporating Plaintiff's request for injunctive relief. *(See Exhibit B: Email - Defendant's Proposed Agreement.)*



4. Plaintiff **rejected** Defendant's proposal.

5. On **July 12, 2024**, Plaintiff's manager, **Randall Meredith**, informed Plaintiff's counsel that multiple clients, including **Jana Renee Edwards**, were not diverted by Defendant. *(See Exhibit C: Ms. Edward's Case File CRM "Salesforce" Record).*



**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

6.  Despite this knowledge, Plaintiff **continued to litigate baseless claims** against Defendant.

7.  Between **July 8 and October 11, 2024**, Defendant was subjected to multiple TROs (3+), **each of which he fully complied with**.

8.  The employment agreement signed by parties provides a confidentiality provision that states: "If it appears that the employee has disclosed confidential information in violation of this agreement, Thomas J. Henry Law shall be entitled to an injunction to restrain employee from disclosing, in whole or in part, the Confidential Agreement. Thomas J. Henry Law shall not be prohibited by this provision from pursuing other remedies, including a claim for loss or damage." *(See Exhibit D: Confidentiality Provision).*

> 3.  UNAUTHORIZED DISCLOSURE OF INFORMATION. If it appears that the employee has disclosed (or has threatened to disclosed) Confidential Information in violation of this agreement, Thomas J Henry Law shall be entitled to an injunction to restrain employee from disclosing, in whole or in part, the Confidential Agreement Thomas J Henry Law shall not be prohibited by this provision from pursuing other remedies, including a claim for loss or damage.

9.  In effect, the employment contract governing parties' relationship does not grant Plaintiff the authority to impose temporary restraining Orders based on Defendant's social media activity.

10. Plaintiff's counsel seeks to paint a negative image of Mr. Ogbeide by taking screenshots of him wearing a hoodie in order to persuade the court that Mr. Ogbeide is a threat to Plaintiff. However, Mr. Ogbeide has only warned Plaintiff's counsel, Mr. Baum that he would respond to Plaintiff's relentless litigation efforts.

11. On November 25th, 2024, Mr. Ogbeide filed a response to Plaintiff's Motion for Sanctions in accordance with his warning. Further, the TRO enforced on October 16th, 2024, does not prohibit communication exchange between the counsel members of each party. (See Exhibit E: Motion to Deny Plaintiff's Sanctions.

12. Mr. Ogbeide has not made any threats to the Plaintiff nor its counsel.

13. On **October 11, 2024**, Plaintiff **non-suited its claims**, effectively admitting that its allegations lacked merit.

14. On **October 14, 2024**, Plaintiff **refiled the lawsuit** without presenting any new legal basis, constituting a violation of **Rule 13 of the Texas Rules of Civil Procedure**, which prohibits **groundless claims filed in bad faith**.

15. Since **re-opening the case**, Plaintiff's counsel, **Nathan Baum**, has engaged in judicial harassment, issuing threats of continued TROs and sanctions to coerce Defendant into compliance. *(See Exhibit F: Plaintiff's Counsel's Email Threats.)*



16. Plaintiff's counsel, Mr. Baum, used the threat of extended litigation and monetary sanctions as a coercive tool to pressure Defendant into compliance, violating **Texas Disciplinary Rules of Professional Conduct Rule 4.04(a)**, which prohibits attorneys from using tactics solely to burden or embarrass opposing parties.

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

17. On November 4th, 2024, Mr. Baum explicitly stated that "The Temporary Restraining Order (TRO)/Injunction will remain in effect until next Summer" and threatened "Sanctions against Mr. Ogbeide personally".



## threat

/THret/

*noun*

noun: **threat**; plural noun: **threats**

1. a statement of an intention to <u>inflict</u> pain, injury, damage, or other <u>hostile</u> action on someone in <u>retribution</u> for something done or not done.
   "members of her family have received **death threats**"

   Similar:   threatening remark   warning   ultimatum   intimidating remark   ⌄

18. Mr. Baum specifically stated, "If you would like all of that to go away...", which is a direct threat against the Defendant. Mr. Baum sought to coerce Mr. Ogbeide into a confidential arrangement by threatening financial harm through sanctions and restriction of his freedom of speech through temporary restraining orders.

19. Mr. Baum, a partner of a Global Law Firm, Norton Rose Fullbright, with a wide network of 1000+ attorneys across the US, has made numerous threats to abuse the intended use of TROs in order to penalize Mr. Ogbeide, cause severe stress, and gain advantage in their civil matter.

20. Mr. Ogbeide has requested Plaintiff's Counsel, Mr. Baum to engage in a long-term confidentiality arrangement numerous times, with each request met with threats of sanctions and criminal penalties.

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

21. In addition to this, in the above email, Mr. Baum made it abundantly clear that there is no intention to reach any form of settlement with the Defendant, despite the court's encouragement for parties to mediate their issues.

22. On January 14th, 2024, the Texas Workforce Commission Civil Rights Division (TWCCRD) accepted Mr. Ogbeide's Charge of Discrimination and invited the Plaintiff to engage in mediation. However, the Plaintiff rejected such a request. The Plaintiff's goal is to create a one-sided arrangement where they abuse the court's resources and enforcement power to unlawfully and unethically gain an advantage and force the Defendant to submit while silencing the clients that have been harmed.



23. Mr. Baum's goal is clear. To ruin Mr. Ogbeide's reputation, hinder Mr. Ogbeide's ability to practice law, harass Mr. Ogbeide after both parties have non-suited their claims, and to ensure that Mr. Ogbeide experiences financial hardship and destabilize Mr. Ogbeide's earning capacity and academic endeavors overseas.

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

24. Defendant would ask the court to refrain from punishing Mr. Ogbeide. The plaintiff has terminated Mr. Ogbeide's employment and maliciously prosecuted Mr. Ogbeide from July 8th, 2024, until the present day.

25. Plaintiff does not believe Mr. Ogbeide deserves to recover from being wrongfully terminated. Instead, Plaintiff seeks to leverage their firm's resources, human capital of 250+ attorneys, and use partners at big law firms, such as Norton Rose Fullbright ($1B in Gross Revenues 2024) to bully, intimidate, and penalize Mr. Ogbeide, a young attorney, from the UK.

26. On February 10th, 2025, Plaintiff knowingly submitted false claims to another court, alleging Defendant impersonated TJH, with the intent to defame and damage Defendant's reputation. *(See Exhibit G: Notice of Appearance Mr. Baum - Ms. Edward's Case).*

---

FILED
2/10/2025 9:37 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Keosha Wright DEPUTY

**CAUSE NO. DC-23-06248**

| | | |
|---|---|---|
| LINDSAY CAUDILL AND JANA RENEE EDWARDS | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | 68TH JUDICIAL DISTRICT |
| | § | |
| EAGLE SYSTEMS, INC. AND MARIO SANTANA RODRIGUEZ, | § | |
| | § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

**NOTICE OF APPEARANCE**

Please take notice that attorney Nathan Baum makes his appearance for non-party Thomas J. Henry Law, PLLC. Mr. Baum requests that all notices, pleadings, and orders in this matter be served upon him.

Dated: February 10, 2025

Respectfully submitted,

*/s/ Nathan Baum*
Nathan Baum
State Bar No. 24082665
nathan.baum@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
2200 Ross Ave., Ste. 3600
Dallas, TX 75201
(214) 855-7487
(214) 855-8200 Fax

**ATTORNEY FOR NON-PARTY THOMAS J. HENRY LAW, PLLC**

**CERTIFICATE OF SERVICE**

Pursuant to the Texas Rules of Civil Procedure, I certify that a true and correct copy of this filing was filed and served to all counsel of record on February 10, 2025.

*/s/ Nathan Baum*
Nathan Baum

---

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

## II. ARGUMENT & AUTHORITIES

## A. Plaintiff's Motion for Sanctions Should Be Denied and Plaintiff's Motion for Contempt has not satisfied the requisite legal standard

These following cases collectively underscore the importance of due process in contempt proceedings, ensuring that individuals are adequately informed and that the standards of proof are appropriately met before imposing punitive measures:

- **Ex parte Chambers, 898 S.W.2d 257 (Tex. 1995)**: In this case, the Texas Supreme Court held that contempt must be proven beyond a reasonable doubt if jail time is sought.

- **In re Acceptance Ins. Co., 33 S.W.3d 443 (Tex. App.—Fort Worth 2000, orig. proceeding)**: The Court of Appeals of Texas, Second District, Fort Worth, determined that a contempt order must be clear, specific, and unambiguous in outlining what conduct is prohibited. Plaintiff's engagement with Defendant on social media further invalidates claims of wrongful contact.

- **In re Bennett, 960 S.W.2d 35 (Tex. 1997)**: The Texas Supreme Court emphasized that defendants must have clear notice and an opportunity to comply before being jailed for contempt.

- A TRO obtained without proper notice and service is void ab initio. See In re Office of Attorney Gen., 264 S.W.3d 631, 636 (Tex. 2008). Texas courts have consistently ruled that ex parte TROs without proper notice violate due process rights. See In re Abbott, 601 S.W.3d 802, 814 (Tex. 2020) (holding that failure to provide notice before issuing a TRO violates fundamental fairness and procedural due process).

1. **No Willful Violation of Any Court Order**

DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT,
AND MOTION FOR COUNTER-SANCTIONS

- ○ The Collin County Local Rules stipulate that any application for ex parte relief must be accompanied by a certificate of conference, detailing attempts made to notify the opposing party. This ensures that ex parte motions are not granted without proper notice, safeguarding due process rights.

- ○ In this case, Plaintiff obtained the Temporary Restraining Order (TRO) without providing notice to Defendant, contravening these procedural safeguards. Defendant was not served with the TRO and had no legal obligation to comply with an order he was never made aware of.

- ○ Defendant has complied with all court orders, including each TRO filed against him.

- ○ Plaintiff's claim of violation is unsupported by any credible evidence.

- ○ **Here,** Mr. Ogbeide lacked the knowledge or understanding to willfully violate Plaintiff's TRO. The only individual who took actions that directly contradicted the TRO was Laurie Dobson because she initiated contact with Mr. Ogbeide via social media.

**TRO – Vague & Ambiguous**

- ○ The Temporary Restraining Order must clearly define the "Prohibited Conduct", with no ambiguities pursuant to *Ex Parte Chambers* 898 S.W.2d 257 (Tex. 1995). Here, the Plaintiff engaged in conduct that made it difficult to understand what actions were permissible. *(See Exhibit H: Laurie Dobson "Started Following" Defendant on Instagram).*



**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

○ *Given this,* Mr. Ogbeide did not initiate communication with Laurie Dobson or Plaintiff via social media.

○ The plaintiff failed to articulate whether Mr. Ogbeide could respond to communication initiated by TJH's General Counsel. Further, Plaintiff failed to clearly identify whether Laurie Dobson would be considered as an "Employee" of TJH, despite her active involvement in litigation, previous telephone communications with Mr. Ogbeide, and the lack of oversight granted to Ms. Dobson in her role as General Counsel. Considering the level of discretion and oversight given to the General Counsel, it is not clear whether Ms. Dobson would be classified as an employee.

○ Ms. Dobson invested her spare time outside of business hours to communicate with Mr. Ogbeide via Instagram, which confused Mr. Ogbeide about the conditions and instructions established in the Plaintiff's TRO.

○ Ms. Dobson verified the initial lawsuit filed against Mr. Ogbeide and she has communicated with Mr. Ogbeide over the phone on three occasions. Ms. Dobson's active involvement in the litigation proceedings made it unclear as to whether Mr. Ogbeide was allowed to communicate with her.

○ It is important to note that Mr. Ogbeide blocked Laurie Dobson and Thomas J. Henry from his Instagram page. Therefore, it was technologically impossible to communicate with Laurie Dobson after her efforts to connect with Defendant on social media. As a result, Plaintiff could not allege any harm from Defendant's usage of social media.

**NO TIMESTAMPS**

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

○ In addition to this, Plaintiff has not proven that the alleged prohibited conduct occurred during the TRO enforcement window: 10/16 - 10/30 (14 Days).

○ **The plaintiff** has failed to show that Mr. Ogbeide intended to violate the TRO. The plaintiff failed to show timestamps that prove Mr. Ogbeide's social media communications were conducted between 10/16 - 10/30 (2024).

○ The plaintiff failed to show that Mr. Ogbeide directly communicated with TJH or their employees during the TRO enforcement window.

○ Plaintiff did not present evidence of time stamps pertaining to Mr. Ogbeide's social media activity that supposedly violated the TRO. Plaintiff omitted these time stamps intentionally to mislead the court.

○ Notwithstanding the Instagram stories and content highlighted by Plaintiff's counsel (without timestamps), Mr. Ogbeide has historically posted social media content that uplifted Plaintiff's image and reputation, showing a clear gratitude and admiration for TJH. *(See Exhibit I: Instagram Post – TJH Event).*



**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

○ Plaintiff ("TJH") is a nationwide personal injury law firm, that has gained millions of followers through television advertisements, social media adverts, and posted billboards across Texas Cities, making the firm a household name. Mr. Ogbeide is a young attorney, originally from the UK, with a modest following of $2k on Instagram, who has dedicated his social media content to show respect to his previous employer, hence why TJH's managers maintained a positive working relationship with Mr. Ogbeide and were eager to re-hire as well as promote him to a litigation associate role on April 29th, 2024.

○ Considering the parties' backgrounds, positive working relationship, and respectful social media activity, it would be imprudent for Plaintiff to argue that Mr. Ogbeide's social media could compete with the marketing machine behind Thomas J. Henry's Adverts nor could Mr. Ogbeide's social media content impact TJH's business in any shape or form. If this was not the case, Plaintiff's counsel would present clear evidence of damages. But similar to their inability to solicit client testimony, they were unable to show any evidence of Mr. Ogbeide's actions impacting TJH, their employees, or their clients. Further, it would be extreme to allege that Mr. Ogbeide used his social media in a manner that genuinely caused harm to Plaintiff's business or clients.

**DEFENDANT DOES NOT CONTROL HIS SOCIAL MEDIA ACCOUNT**

○ Further, Mr. Ogbeide asserts that he does not control any of his social media accounts or the content posted. This is managed by his marketing team. Considering this, Mr. Ogbeide shall not be held responsible for any social media content, especially when there is no evidence of direct messaging between Mr. Ogbeide and Thomas J. Henry. Witness Testimony will be provided to support such claim.

2. **Failure to Satisfy Contempt Standards**

DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS

- ○ Contempt must be proven **beyond a reasonable doubt** if jail time is sought. *(Ex parte Chambers, 898 S.W.2d 257 (Tex. 1995).)*

- ○ A contempt order must be **clear, specific, and unambiguous** in outlining prohibited conduct. *(In re Acceptance Ins. Co., 33 S.W.3d 443 (Tex. App.—Fort Worth 2000, orig. proceeding).)*

- ○ Defendants must be given **clear notice and an opportunity to comply** before being held in contempt. *(In re Bennett, 960 S.W.2d 35 (Tex. 1997).*

3. **Improper TRO Issuance & Due Process Violation**

The alleged contemnor (Mr. Ogbeide) must have "actual knowledge" of the TRO.

- ○ The **October 16, 2024, TRO** was obtained **ex parte** without proper notice or service, violating **Texas Rule of Civil Procedure 680**.

- ○ Plaintiff engaged with Defendant on social media, **prompting the alleged TRO violation**, thereby **nullifying their claims of noncompliance**.

- ○ **Mr. Ogbeide** was not afforded an opportunity to attend the TRO hearing. Given this, it would be unreasonable to assume that Mr. Ogbeide possessed any form of awareness or understanding of the TRO's existence and enforceability.

- ○ Considering Mr. Ogbeide's historical compliance with every temporary restraining order enforced by the court, the court can reasonably infer that Mr. Ogbeide would refrain from any conduct that could have potentially violated the TRO. However, without proper notice and proper service of the TRO, Mr. Ogbeide had no knowledge of the TRO that was enforced 5 days after Plaintiff dismissed their claims.

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

## B. Plaintiff's Litigation Conduct Warrants Countersanctions

Under Texas Rule of Civil Procedure 13 authorizes the imposition of sanctions against an attorney, a represented party, or both, who filed a pleading that is either: (1) groundless and brought in bad faith; or (2) groundless and brought to harass. TEX. R. CIV. P. 13; see also Rudisell v. Paquette, 89 S.W.3d 233, 236 (Tex. App.-Corpus Christi 2002, no pet.). The rule defines "groundless" as having "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." Tex. R. Civ. P. 13. Sanctions may only be imposed for good cause under Rule 13, the particulars of which must be stated in the order. TEX. R. CIV. P. 13; Rudisell, 89 S.W.3d at 237.

- o Under Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practice and Remedies Code, the Court has the authority to impose sanctions for filings made in bad faith or for the purpose of harassment.

- o Texas courts have imposed sanctions on parties engaging in frivolous litigation. See Nath v. Texas Children's Hosp., 446 S.W.3d 355, 365 (Tex. 2014) (holding that sanctions are appropriate when a party abuses the judicial process through groundless filings and bad-faith conduct).

### 1. Frivolous Litigation & Abuse of Process

Under the **Collin County Local Rules**, all parties are required to act in good faith and with professional decorum when litigating matters before the court.

- o Plaintiff refiled claims on **October 14, 2024**, despite non-suiting the case three days earlier, violating **Rule 13**.
- o Such conduct constitutes **bad-faith litigation**.

### 2. Bad-Faith Litigation & Abuse of Process

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

- o Plaintiff's misuse of judicial proceedings, including baseless allegations constitutes an abuse of process (*Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992)).

- o Plaintiff has engaged in bad-faith litigation tactics by pursuing a motion based on an invalid TRO and false claims.

- o Witnesses such as Richard Stuart have submitted sworn affidavits disproving Plaintiff's claims against Mr. Ogbeide. *(See Exhibit J: Richard Stuart Affidavit.)*

### 3. Perjury & Fraud on the Court (Texas Rule of Civil Procedure 215.3)

- o Plaintiff knowingly submitted false statements and misrepresented facts to gain an unfair advantage. Fraud upon the court warrants severe sanctions, including dismissal of claims (*In re Bennett*, 960 S.W.2d 35 (Tex. 1997)).

- o **The Texas Penal Code § 37.02 (Perjury)** stipulates that lying under oath in a court filing is a **criminal offense**. Further to this, the **Texas Penal Code § 37.09 (Tampering with Evidence)** clearly outlines that if the plaintiff knowingly submitted false evidence to the court, this is a crime.

- o Plaintiff alleged in their original petition that Mr. Ogbeide harmed Plaintiff's clients. However, this allegation has been disproven by voluminous witness affidavits, written testimony, and grievance (regulatory) filings against Plaintiff, Thomas J. Henry, PLLC.

### 4. Ethical Violations & Professional Misconduct

- o Plaintiff's counsel, **Nathan Baum**, violated multiple **Texas Disciplinary Rules of Professional Conduct**:

  - ■ **Rule 3.03:** Making false statements to the tribunal.

  - ■ **Rule 8.04:** Engaging in dishonest and unethical conduct.

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

■ **Rule 4.04(a):** Using legal proceedings to harass an opposing party.

5. **Defamation & Business Disparagement**

   ○ **Elements of Defamation (Texas Law):**

     ▪ **False statement** (Plaintiff accused you of impersonation & client harm);

     ▪ **Published to third parties** (Court filings and public claims);

     ▪ **Resulted in damages** (Harmed reputation, lost opportunities).

   ○ Plaintiff knowingly submitted **false claims** in a separate court proceeding, falsely alleging Defendant impersonated Plaintiff's firm. (See Video Evidence – Mr. Baum's Appearance & Allegation[1]).

   ○ Such statements were made with **malice**, intending to damage Defendant's **professional reputation**.

   ○ Nathan Baum, Counsel for Plaintiff, appeared in a separate hearing pertaining to Ms. Edward's (former TJH client) personal injury case against Eagle System, Inc., on February 10th, 2025, and alleged Mr. Ogbeide attempted to impersonate the Plaintiff, Thomas J. Henry, PLLC. *(See Exhibit G: Notice of Appearance Mr. Baum - Ms. Edward's Case).*

   ○ On November 22nd, 2024, Plaintiff acknowledged Ms. Edwards's termination notice in a letter and received a signed court order to withdraw from the case on January 6th, 2025, while Mr. Ogbeide filed a notice of appearance on the same day (January 6th, 2025). (*See Exhibit K: TJH Termination Notice 11.22.2024; Exhibit L: Mr. Ogbeide's Notice of Appearance 1.6.2025).*

   ○ Mr. Baum knew Mr. Ogbeide did not attempt to impersonate the Plaintiff. Despite this knowledge, he sought to attack Mr. Ogbeide's character in the presence of the judge,

---

[1] https://youtube.com/shorts/b_BhwB1ncV0?si=7y64pVgs3Yju4Hae

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

defense counsel, and his client, Ms. Edwards. Like this current case, Mr. Baum led with false claims because the truth reveals no wrongdoing by Mr. Ogbeide.

6. **Sanctions Are Warranted Under Texas Law**

○ **Texas Rule of Civil Procedure 13** permits sanctions for groundless claims brought in bad faith.

○ **Chapter 10 of the Texas Civil Practice and Remedies Code** provides for penalties against parties who abuse the judicial process.

○ Texas courts have imposed **substantial monetary sanctions** on parties engaged in **frivolous litigation**. *(Nath v. Texas Children's Hosp., 446 S.W.3d 355 (Tex. 2014).*

## C. Defendant's Relocation to the United Kingdom Warrants Excusal from In-Person Appearance

○ Texas courts have recognized the undue burden of compelling out-of-state or international parties to appear in person when alternative means are available. See In re Z.L.T., 124 S.W.3d 163, 166 (Tex. 2003) (holding that courts must consider the burden imposed by requiring a party to appear in person).

○ Defendant has provided proper notice of his relocation and is under no legal obligation to appear personally in a Texas court absent valid jurisdiction and service. (See Exhibit M: "notice of name and address")

○ Defendant, Mr. Ogbeide informed and presented evidence to Plaintiff's Counsel that he has been enrolled to a Master's Program at the University of Birmingham. See Exhibit N: Student Card)

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

○ Mr. Ogbeide's student card reflects his legal name to be "Uwuigbe" and confirms that his course ends on December 12th, 2026.



○ Therefore, requiring the Defendant's physical presence would impose an undue hardship, and he requests to appear via remote means if necessary.

## III. WITNESS LIST

**Defendant, Osayuki Michael Ogbeide, submits the following witness list for the Show Cause Hearing scheduled for February 25, 2025:**

1. **Richard Stuart**

   ○ **Address**: *309 West Pipeline Rd Hurst, TX, 76053.*

   ○ Testimony will focus on Plaintiff's litigation tactics, including falsified claims and misuse of judicial resources.

   ○ **Testimonial Evidence:** Affidavit, Written Statements & Grievance Form Attached.

2. **Jana Renee Edwards**

   ○ **Address:** *3005 Prairie Lakes Ranch Rd Farmersville, TX 75442.*

DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS

- o Will testify regarding Plaintiff's improper conduct in handling client matters, defamation attempts against Defendant, and false statements made in legal filings.
- o **Testimonial Evidence:** Affidavit, Written Statements & Grievance Form Attached.

3. **Tia Coleman**

- o **Address:** *2123 Hunters Run Drive Dallas, TX 75232.*
- o Will testify about Plaintiff's efforts to coerce clients, bully tactics, and negligently managing her personal injury case.
- o **Testimonial Evidence:** Affidavit, Written Statements & Grievance Form Attached.

4. **Ashley Holder Taylor**

- o **Address:** *4750 Travertine Drive, #310 Ardmore, Oklahoma 73401.*
- o Will provide testimony regarding Plaintiff's witness tampering, intentionally withholding settlement funds for more than 6 months as retaliation and abusive litigation tactics.
- o **Testimonial Evidence:** Affidavits, Written Statements & Grievance Form Attached.

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court:

1. **DENY Plaintiff's Motion for Sanctions** in its entirety.

2. **DECLARE the October 16, 2024, TRO void and unenforceable** due to procedural defects.

3. **IMPOSE COUNTER-SANCTIONS** against Plaintiff under **Rule 13 and Chapter 10** of the Texas Civil Practice and Remedies Code.

4. **AWARD Defendant $2,000,000.00 in Monetary Sanctions.**

5. **AWARD Defendant reasonable attorney's fees and costs** incurred as a result of Plaintiff's bad-faith litigation.

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

6. **ORDER Plaintiff's counsel to issue corrective statements and retractions** regarding false allegations made in court filings.

7. **GRANT such other and further relief as Defendant may show himself justly entitled.**

Respectfully submitted,

**/s/ Osayuki Michael Ogbeide ("Uwuigbe")**
 Osayuki Michael Ogbeide
 Pro Se Defendant
State Bar No. 24121175
Email: Osayukiu@gmail.com
Tel: +1 (512) 661-1228
Address: 1 Atkinson Drive, Kettering, Northampton, NN15 7NZ

DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of this instrument was made in accordance with the Texas Rules of Civil Procedure on February 24th, 2025, on all counsel of record via the Collin County District Clerk e-serve system.

*<u>/s/ Osayuki M. Ogbeide ("Uwuigbe")</u>*
Osayuki M. Ogbeide

**DEFENDANT'S AMENDED RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND MOTION FOR COUNTER-SANCTIONS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Osayuki Ogbeide on behalf of Osayuki Ogbeide
Bar No. 24121175
omu@takeleadlaw.com
Envelope ID: 97691973
Filing Code Description: Amended Answer
Filing Description: Defendant's Amended Response to Plaintiff's Motion
for Sanctions and Contempt, and Motion for Counter-Sanctions
Status as of 2/24/2025 4:52 PM CST

Associated Case Party: OsayukiMichaelOgbeide

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Osayuki Ogbeide | 24121175 | Osayukiu@gmail.com | 2/24/2025 5:46:09 AM | SENT |

Associated Case Party: Thomas J. Henry Law, PLLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joshua S.Owings | | josh.owings@nortonrosefulbright.com | 2/24/2025 5:46:09 AM | SENT |
| Mary Katherine Nix | | marykatherine.nix@nortonrosefulbright.com | 2/24/2025 5:46:09 AM | SENT |