IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| **OSAYUKI OGBEIDE** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 5:25-CV-00646-OLG |
| | § | |
| **THOMAS J. HENRY, PLLC** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT THOMAS J. HENRY, PLLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION

Defendant Thomas J. Henry, PLLC ("TJH") files this Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(3).

### I.     Introduction and Factual Background

This lawsuit is an egregious instance of a litigant's abuse of the court system.  Plaintiff Osayuki Ogbeide ("Ogbeide") has now filed these same claims in multiple courts.  Judge Bryan Gantt in Collin County has already sent these same claims to an AAA arbitration, and the AAA arbitration is set for hearing on October 30, 2025.  Ex. B, Order Compelling Arbitration (ordering Ogbeide "to pursue his claims against TJH in arbitration and all of Mr. Ogbeide's claims are transferred to 01-24-0006-3616 – *Thomas J. Henry v. Osayuki Michael Ogbeide* to be heard with TJH's claims currently pending before the American Arbitration Association").  Ogbeide filed this lawsuit to avoid that order and arbitration.  TJH requests that this Court likewise compel Ogbeide's claims to arbitration and declare Ogbeide a "vexatious litigant."

This lawsuit is subject to a binding and enforceable arbitration agreement contained in the employment agreement between TJH and its former employee Ogbeide.  TJH is a law firm, and

- 1 -

Ogbeide was an attorney employed by the law firm. He signed an employment agreement at the start of his employment that contained an arbitration agreement. All of Ogbeide's claims are subject to the arbitration agreement and must be adjudicated in arbitration.

On April 29, 2024, TJH and Ogbeide entered into an employment agreement with an arbitration clause. Ex. A-2, Redacted Employment Agreement. The arbitration clause reads: "All claims, disputes, and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by confidential binding arbitration in San Antonio, Texas pursuant to the Texas Arbitration Act in accordance with the applicable rules of the American Arbitration Association then existing, unless the parties mutually agree otherwise." *Id*. at 9. Ogbeide signed the employment agreement and initialed each page as a part of his new hire orientation on April 29, 2024. Ex. A, Affidavit of Rhonda Washington. Ogbeide was provided with a paper copy during the orientation meeting and was given time to review and ask questions. *Id*. Ogbeide did not ask any substantive questions about the Employment Agreement. *Id*. Ogbeide did not ask for additional time to review the Employment Agreement. *Id*. Ogbeide did not object to the arbitration clause in the Employment Agreement. *Id*.

Ogbeide brings claims arising out of his employment with and termination from TJH. He brings claims for race discrimination and retaliation, asserting that he was terminated from TJH due to race. Dkt. 10, at 12-13. Ogbeide also brings claims for "abuse of power" and intentional infliction of emotional distress. Dkt. 10, at 13. All of Ogbeide's claims are subject to the arbitration agreement, as Judge Gantt has already determined.

## II.     The Court Should Compel Arbitration

Federal law and Texas law both strongly favor arbitration. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008); *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996). The

Federal Arbitration Act ("FAA") makes private agreements to submit disputes to arbitration valid and enforceable and requires courts – both state and federal – to enforce arbitration agreements in the same manner as they enforce all contracts. *See* 9 U.S.C. § 1, *et seq*.; *Volt Info. Sciences v. Bd. of Trustees*, 489 U.S. 468, 474 (1989).

The United States Supreme Court has held that the FAA may be used to enforce arbitration agreements between employers and employees, which are required as a condition of employment. *See Circuit City v. Adams*, 532 U.S. 105, 122-23 (2001). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Mega Point Ltd. v. Villa T, LLC*, No. 1:23-CV-1565-DII, 2024 WL 1123602, at *2 (W.D. Tex. Mar. 13, 2024), *reconsideration denied*, No. 1:23-CV-1565-DII, 2024 WL 2480931 (W.D. Tex. Apr. 4, 2024) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). When all issues in an action must be submitted to arbitration, a court may dismiss the action. *Id.*

Ogbeide initialed and signed the April 29, 2024 Employment Agreement at his new hire orientation with TJH. Ex. A, Affidavit of Rhonda Washington. The Employment Agreement between TJH and Ogbeide contains a valid and enforceable arbitration provision. The Dispute Resolution provision states "All claims, disputes, and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by confidential binding arbitration in San Antonio, Texas pursuant to the Texas Arbitration Act in accordance with the applicable rules of the American Arbitration Association then existing[.] . . . This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law." Ex. A-2, Employment Agreement, ¶ 13.

Ogbeide's claims arise out of the Employment Agreement and employment relationship between TJH and Ogbeide and are, thus, subject to the arbitration provision of the Employment

Agreement. "The Supreme Court has held that arbitration clauses which submit to arbitration 'any controversy or claim arising out of or relating to' the contract are broad in scope." *Proyecto Electromecanico S.A. De C.V. v. Caddell Const. Co., Inc.*, No. EP:09-CV-209-KC, 2010 WL 2838040, at *4 (W.D. Tex. July 14, 2010) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 398 (1967)). Likewise, the Fifth Circuit has "held that, when an agreement contains an arbitration clause which covers disputes, controversies or claims 'arising out of or in connection with or relating' to the contract, the parties 'intend the clause to reach all aspects of the relationship.'" *Id.* (quoting *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 165 (5th Cir. 1998)). Further, in conjunction with his purported claims, Plaintiff requests compensatory damages against TJH, which also falls under the arbitration provision.

### III. The Court Should Declare Ogbeide a "Vexatious Litigant"

Federal courts have the power under 28 U.S.C. § 1651(a) "to enjoin litigants who are abusing the court system by harassing their opponents." *Lander v. JPMorgan Chase Bank Nat'l Ass'n*, No. 421CV00353ALMCAN, 2022 WL 819213, at *4 (E.D. Tex. Feb. 21, 2022), *report and recommendation adopted*, No. 4:21-CV-353, 2022 WL 813810 (E.D. Tex. Mar. 16, 2022). "The court's power to enter such orders flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket." *Id.* (quoting *Farguson v. MBank Houston, N.A*, 808 F.2d 359, 360 (5th Cir. 1986)). A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* "Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims." *Id.* (quoting *Campbell v. Maye*, A-10-CA-463 LY, 2010 WL 2671725, at *5 (W.D. Tex. June 30, 2010), *aff'd*, 428 F. App'x 382 (5th Cir. 2011)).

The Court may impose a pre-filing sanction and/or a pre-filing injunction on a vexatious litigant, if the following factors weigh in favor of doing so:

(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits;

(2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass;

(3) the extent of the burden on the courts and other parties resulting from the party's filings; and

(4) the adequacy of alternative sanctions.

*Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 219 (N.D. Tex. 2020) (quoting *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008)). The traditional standards for injunctive relief such as irreparable injury and inadequate remedy at law do not apply to the issuance of an injunction against a vexatious litigant. *Baum*, 513 F.3d at 189.

In *Martzall v. Select Portfolio Servicing, Inc.*, the court granted a pre-filing injunction prohibiting the plaintiff from filing any suit involving the same subject matter in the Western District of Texas. No. SA23CV10OLGHJB, 2023 WL 9426132, at *8 (W.D. Tex. Dec. 12, 2023), *report and recommendation adopted*, No. SA-23-CV-10-OLG, 2024 WL 332938 (W.D. Tex. Jan. 25, 2024). The court found that the factors weighed in favor of a pre-filing injunction where "the record of federal and state-court proceedings demonstrates that Martzall has filed three duplicative lawsuits—with no intention of actually prosecuting his claims—each aimed at halting any foreclosure sale of the Property." *Id*.

Ogbeide has filed and then dismissed several cases against TJH, TJH's General Counsel Laurie Dobson, and TJH's outside counsel Nathan Baum, including the following:

- The Collin County Case: Ogbeide asserted counterclaims that were sent by Judge Gantt to arbitration.

- The Travis County State Court Case: Ogbeide filed the case on September 23, 2024, and then non-suited it a few months later. *Osayuki Michael Ogbeide, Richard L. Stuart, Jana Renee Edwards, Ashley Taylor, Tia Coleman, Uile Rusilmo Yam, Tia Coleman v. Thomas J. Henry, PLLC*, Cause No. D-1-GN-24-007460 (Travis County District Court, 250th Judicial District). Amended Complaint, Dkt. 10 at 5 (listing this case in chart).

- The AAA arbitration pending between Ogbeide and TJH: TJH initiated the arbitration, and Judge Gantt in the Collin County case compelled that Ogbeide's counterclaims in the Collin County case be brought in the arbitration.

- This case: Ogbeide originally filed the case against TJH, its General Counsel Laurie Dobson, and its outside counsel Nathan Baum. Mr. Baum was served with the Complaint. Ogbeide then non-suited Ms. Dobson and Mr. Baum, and filed an Amended Complaint against TJH.

Ogbeide is a licensed attorney and is abusing the Court system. He has filed multiple cases involving the same facts and claims that have already been compelled to arbitration. Each new filing causes TJH to incur time and expense. All of these cases lack good faith and are intended to harass, as Ogbeide's repeated filings are in spite of Court orders compelling arbitration. Ogbeide has coupled these litigation filings with outward threats to TJH and its attorneys on social media. Those threats include death threats against Mr. Thomas J. Henry himself, as well as additional threats against TJH, its General Counsel Laurie Dobson, and its outside counsel Nathan Baum. Because of the threats, Judge Gantt in Collin County issued an injunction against Ogbeide that prohibited him from making any threats. Ex. C, Injunction Order.

Ogbeide has violated the Collin County Injunction Order numerous times, and a contempt proceeding is currently pending against him in Collin County. This is important because two days after serving Mr. Baum with this lawsuit, Ogbeide posted a video on his social media in which he stated that he had a house full of guns and was planning to come after TJH and TJH's outside counsel Norton Rose Fulbright (Mr. Baum). In the video, Ogbeide is shirtless and appears to be smoking a joint. Ogbeide says in the video: "I'm in Texas. We have a right to bare arms, yeah. Constitutional right. You get me? What are you think—what do you think is in there [pointing at the house behind him]? What do you think is in there? You saw what I had in London. Imagine what I have in Texas. Say hello to my little—I told him I'm Tony Montana— I'm Tony Montana. The lawyers know I'm like that. They are millionaire lawyers. They know I'm like that. That is why those Norton Rose and Ogletree Deakins [lawyers] will run away. And TJH they're wussies, man. I'm going to come back for them, though. I'm going to come back for them."



Mr. Ogbeide is a Texas licensed lawyer. He is a danger to the Texas legal community and is attempting to start new litigation to run away from the Collin County Judge that has enjoined him and has a pending contempt order against him. Ogbeide also references in his Complaint that he has been sanctioned already for $10,000, showing the inadequacy of alternative sanctions. Amended Complaint, Dkt. 10, at 11. His conduct continues despite orders and sanctions that courts have already entered.

This case is a frivolous filing, and TJH will respectfully request a sanction under Rule 11 for the reimbursement of his reasonable and necessary attorneys' fees from Mr. Ogbeide himself. The Rule 11 motion will be filed separately once Mr. Ogbeide is provided with the 21-day safe harbor under the Rules to withdraw his Complaint.

## IV.     Conclusion

Ogbeide's claims are subject to a valid and enforceable arbitration agreement, and his claims should be dismissed and compelled to arbitration. There are no claims or parties remaining before the Court that are not subject to arbitration, which makes dismissal appropriate. Because Ogbeide has filed these same claims in multiple forums, Ogbeide should also be declared a "vexatious litigant" and be prohibited from filing lawsuits against TJH on these same issues without seeking leave of court.

Dated: September 30, 2025

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Nathan Baum*
    Nathan Baum
    State Bar No. 24082665
    nathan.baum@nortonrosefulbright.com
    Mary Katherine Nix
    State Bar No. 24144075
    marykatherine.nix@nortonrosefulbright.com

2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing pleading has been served upon all Mr. Ogbeide on this 30th day of September, 2025

                        */s/ Nathan Baum*
                            Nathan Baum