THE LAW OFFICE OF
OSAYUKI OGBEIDE

September 30th, 2025

United States District Court
Western District of Texas
U.S. District Clerk's Office
262 West Nueva Street, Room 1-400
San Antonio, Texas 78207

    **RE:**    **ADVISORY TO THE COURT TO GRANT ENTRY OF DEFAULT PURSUANT TO RULE 15(a) OF THE FRCP**
    **Civil Action:** Employment Discrimination
    **Parties:** Osayuki Ogbeide, Plaintiff (*Pro Se*) v. Thomas J. Henry, PLLC, Defendant
    **Civil Action No.:** 5:25-cv-00646-OLG-ESC

To the Honorable Clerk of Court:

Plaintiff respectfully submits this advisory in further support of his pending request for entry of default against Defendant, Thomas J. Henry PLLC ("Defendant").

    **I. Rule 55 Standard for Entry of Default**

Federal Rule of Civil Procedure 55 establishes a **two-step process**:

1. **Clerk's Entry of Default (Rule 55(a))** – "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

2. **Default Judgment (Rule 55(b))** – Upon the entry of default, the plaintiff may then seek judgment from either the clerk (in certain cases) or the Court.

Courts consistently recognize that once the requirements of Rule 55(a) are met, entry of default by the clerk is **mandatory, not discretionary**. See *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015).

**II. Defendant's Failure to Timely Respond**

- **Service of Process**: Defendant was duly served with the Summons and Plaintiff's First Amended Original Complaint on **August 1, 2025**, at its principal place of business located at 5711 University Heights Blvd., San Antonio, Texas 78249. Proof of service has been filed in the record.

- **Applicable Deadlines**:

  - Under **Rule 12(a)(1)(A)**, a defendant must file an answer within **21 days after service** of the summons and complaint.

  - For amended pleadings, **Rule 15(a)(3)** provides that a response must be filed "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

- **Missed Deadline**: Pursuant to Rule 15(a)(3), Defendant's deadline to respond was **August 15, 2025**. More than **sixty (60) days have elapsed** since that date, and Defendant has failed to serve or file any responsive pleading or motion. See *Cauthen v. North Carolina*, No. 3:24-CV-00950-FDW-SCR, 2025 U.S. Dist. LEXIS 26496, at *3 (W.D.N.C. 2025).

**III. Plaintiff's Application for Default**

On **September 29, 2025**, Plaintiff filed a written application for entry of default, accompanied by an affidavit declared true under penalty of perjury pursuant to 28 U.S.C. § 1746. The affidavit establishes that:

1. Defendant was properly served.

2. Defendant failed to respond within the time required by the Rules.

3. The time for the Defendant to answer or otherwise defend has expired.

**This showing satisfies Rule 55(a).**

### IV. Clerk's Authority to Enter Default

The federal rules and precedent confirm that the Clerk is authorized to enter default without further notice where, as here, the defendant has failed to timely respond. See *Hawaii Carpenters Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1996) **(no notice required for entry of default).**

---

### V. Request

Accordingly, Plaintiff respectfully requests that the Clerk **enter default against Defendant, Thomas J. Henry PLLC**, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

The Law Office of Osayuki Ogbeide

**/s/ Osayuki M. Ogbeide**
Osayuki Michael Ogbeide
State Bar No. 24121175
E-mail: Omu@takeleadlaw.com
1401 Lavaca St. #1005
Austin, Texas 78701
Telephone: (512) 661-1228
Facsimile: +15122777526
**PRO SE PLAINTIFF**