IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| OSAYUKI OGBEIDE § § § **Plaintiff,** § § § v. § **CASE NO. 5:25-CV-00646-OLG** § THOMAS J. HENRY, PLLC § § **Defendant.** § § | |

### DEFENDANT THOMAS J. HENRY, PLLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION

Defendant Thomas J. Henry, PLLC ("TJH") files this Reply in Support of Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration.

### I.     Ogbeide's Positions Are Barred By Collateral Estoppel

Collateral estoppel bars Plaintiff Osayuki Ogbeide's ("Ogbeide") arguments in response to the motion to dismiss. That is because Judge Gantt in Texas state court in Collin County, Texas has already rejected all of Ogbeide's arguments and ordered his claims to arbitration. Dkt. 18-1 (Ex. B). The elements of collateral estoppel under Texas law are that: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Matter of Clem*, 124 F.4th 341, 348 (5th Cir. 2024); *Sames v. Amarillo II Enterprises, LLC*, No. 2:17-CV-162-D-BR, 2018 WL 3598773, at *3 (N.D. Tex. July 2, 2018), *report and recommendation adopted*, No. 2:17-CV-162-D, 2018 WL 3586704 (N.D. Tex. July 26, 2018).

The collateral estoppel elements are met here. First, the issue of whether there was a valid, enforceable arbitration clause in Ogbeide's Employment Agreement was fully and fairly litigated in Texas state court. "An issue has been litigated if it was raised by pleadings or submitted for

determination and was actually determined by the fact finder." *Id*. TJH filed a motion to compel arbitration in the state court proceedings, and Ogbeide filed a response. Ex. 1.[1] The 471st Judicial District Court in Collin County issued an Order on October 31, 2024, ordering Ogbeide "to pursue his claims against TJH in arbitration" and transferring all claims to the American Arbitration Association. Dkt. 18-1 (Ex. B). "When a state court judge is acting in his judicial capacity to resolve a dispute, and the parties are presenting arguments concerning that dispute, this constitutes submitting an issue for 'determination' by the state court judge, even if a final judgment on the merits of the overall claim will not enter." *Sames*, 2018 WL 3598773, at *4. Accordingly, the issue of whether Ogbeide's claims are subject to an arbitration clause was fully and fairly litigated in state court.

Second, the issue of the validity and applicability of the arbitration clause was essential to Judge Gantt's order. *See id*. at *5 (finding that an order by a state court judge granting a stay "pending resolution of binding arbitration" evidenced that the applicability of the arbitration clause was essential to the order); *see also CMH Mfg., Inc. v. Warrior Group*, No. SA-12-CV-195-XR, 2014 WL 3421000, at *2 (W.D. Tex. July 10, 2014) (holding that collateral estoppel would preclude re-litigation of the existence of a valid agreement to arbitrate).

Third, Ogbeide was the defendant in the state court proceeding, satisfying the third element. Ogbeide had the opportunity, and did, raise evidence and arguments regarding the validity and enforceability of the arbitration clause at the state trial court. Ogbeide had previously raised fraud, forgery, fraudulent notarization, unconscionability, and waiver. Ex. 1. Ogbeide raised the same arguments here, all of which were ultimately rejected by Judge Gantt. Dkt. 18-1 (Ex. B).

---

[1] TJH attaches Ogbeide's public filing as Exhibit 1 to this Reply brief for the Court's convenience. The filing is part of the public record, and the Court can take judicial notice as well.

For these reasons, collateral estoppel bars all of the substantive issues in Ogbeide's response. He has already litigated these issues in Collin County, and Judge Gantt rejected Ogbeide's positions. TJH's motion to dismiss and compel arbitration should be granted on collateral estoppel grounds.

## II. Ogbeide's Title VII Claims are Arbitrable

Ogbeide suggests that his Title VII claims cannot be subject to arbitration. But black letter law is that Title VII claims are arbitrable where an employee signs an employment agreement containing an arbitration clause. *Carr v. Rockwell Intern. Corp.*, No. 3:96-CV-2964-D, 1997 WL 102428, *1 (N.D. Tex. Feb. 28, 1997) ("Carr's Title VII and TCHRA claims can also be subject to mandatory arbitration."); *Valdez v. Texas Taco Cabana, L.P.*, No. A-14-CA-389-SS, 2014 WL 2980270, at * 1 (W.D. Tex. July 1, 2014) (granting motion to compel arbitration where "Plaintiffs clearly agreed to the arbitration of Title VII claims when they signed their employment agreements with Taco Cabana[.]"); *Nelson v. AMX Corp.*, No. 3:04CV1350-H, 2005 WL 2495343, at *5 (N.D. Tex. Sept. 22, 2005) ("Because Plaintiff's causes of action under Title VII and the Equal Pay Act arise from that employment relationship, they are subject to the mandatory arbitration clause in her employment contract.").

Cases cited by Ogbeide in his Response also support that Title VII claims are arbitrable. Response at 1 (citing *Murray v. UFCW Int'l, Local 400*, 289 F.3d 297, 301 (4th Cir. 2002) ("It is settled that the provisions of the FAA, and its policy favoring the resolution of disputes through arbitration, apply to employment agreements to arbitrate discrimination claims brought pursuant to federal statutes, including Title VII of the Civil Rights Act.")). Ogbeide's Title VII claims are subject to arbitration.

### III. Ogbeide's Fraud and Authenticity Arguments Lack Merit.

Without any evidence or citations, Ogbeide claims that the arbitration clause was "fraudulently procured," "unauthenticated," and "materially altered." As above, these arguments are all barred by collateral estoppel. But nonetheless, Ogbeide's positions have no merit. Ogbeide first argues that he "never signed, was not presented with, and never consented to any arbitration clause." Response at 3. Ogbeide cites no evidence for these positions. On the other hand, TJH submitted evidence with its motion. TJH submitted a signed copy of the Employment Agreement where Ogbeide not only signed the Agreement, but also initialed every page. Dkt. 18-1 (Ex. A-2). TJH submitted an affidavit from Rhonda Washington as well, as the notary that witnessed Ogbeide signing the Agreement. Dkt. 18-1 (Ex. A). Even so, these sorts of issues as to the validity of the contract as a whole must go to the arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 126 S. Ct. 1204, 1209 (2006) ("unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."). Either way, Ogbeide's defenses fail.

### IV. The Arbitration Agreement is Not Unconscionable

Ogbeide argues that the arbitration agreement was procedurally and substantively unconscionable. Ogbeide's position on procedural unconscionability—that he never received or reviewed the Agreement—is answered above. Ogbeide signed the Agreement and initialed every page. Dkt. 18-1 (Ex. A-2).

Ogbeide cites three provisions that he contends are substantively unconscionable: (1) a $25,000 damages limit; (2) a punitive damages limit; and (3) a prohibition on consolidation of claims. Response at 3. As the party resisting arbitration, Ogbeide bears the burden on showing unconscionability to render the arbitration agreement unenforceable. *Overstreet v. Contigroup*

*Co., Inc.*, 462 F.3d 409, 412 (5th Cir. 2006) (rejecting that a punitive damages waiver renders an arbitration agreement as unconscionable). Ogbeide's Response contains no facts or evidence supporting that any of these provisions are substantively unconscionable in this instance. In addition, as with the contract validity issues above, allegations of unconscionability are for the arbitrator. *Begole v. North Mississippi Med. Ctr., Inc.*, 761 F. App'x 248, 251 (5th Cir. 2019).

The Western District of Texas rejected similar unconscionability arguments in *Ochoa v. D.R. Horton, Inc.*, No. 5:23-CV-01416-FB-RBF, 2024 WL 6081307, *8 (W.D. Tex. May 16, 2024). In that case, the plaintiff argued that the arbitration agreement was unconscionable because the agreement precluded recovery of attorneys' fees and punitive damages. *Id*. at 7. In holding that the agreement was not unconscionable, the court first noted that there is a "high standard for unconscionability." *Id*. at *8. The agreement must be "sufficiently shocking or gross to compel the court to intercede." *Id*. The court found that the plaintiff had not made "specific argument about unconscionability" under Texas contract law. *Id*. The court found that the arbitration clause did not foreclose the plaintiff from pursuing any of his federal statutory rights. *Id*. The court also distinguished that the act of proceeding to arbitration is not what would foreclose the pursuit of punitive damages—the plaintiff's agreement to sign a punitive damages waiver is what foreclosed that right. *Id*. ("It also bears note that proceeding to arbitration does not itself foreclose any pursuit of punitive damages or attorneys' fees; a specific clause in the agreement Plaintiffs signed does that."). The same is true here. Ogbeide makes no specific arguments about unconscionability of the arbitration clause. Ogbeide does not cite any case law supporting that either of these three issues render the agreement substantively unconscionable. Instead, the issue in *Murray* involved an unfair method to select the arbitrators that was one sided in favor of the employer. 289 F.3d at

301. Ogbeide can pursue all of his statutory claims in arbitration, and the limitations in the arbitration agreement do not foreclose his pursuit of any of his statutory rights.

Even if the Court were to accept Ogbeide's argument that the three limitations in the agreement are unconscionable, those provisions can be severed from the remainder of the arbitration agreement, as none of these three limitations render the agreement unconscionable as a whole. *Begole v. North Mississippi Med. Ctr., Inc.*, 761 F. App'x 248, 251 (5th Cir. 2019).

### V. TJH Did Not Waive Its Right to Arbitration

Ogbeide next argues that TJH waived arbitration by filing litigation in Collin County, participating in that litigation, and seeking sanctions and injunctions in that litigation. Response at 4. TJH sought injunctive relief in state court due to Ogbeide's immediate threats, but has pursued its substantive claims in arbitration. The Collin County court's order compelling arbitration permitted TJH to "take any action necessary related to the Temporary Injunction Order in the 471st Judicial District Court." Dkt. 18-1 (Ex. B).

Pursuing arbitration of substantive claims while seeking injunctive relief in court is normal and permitted so that the injunction order has the weight of an order from a Texas state court judge. Seeking injunctive relief does not qualify as substantially invoking the judicial process sufficient to waive arbitrability of claims. *Maldonado v. Firstservice Residential, Inc.*, No. H-20-1484, 2021 WL 966064, *5 (S.D. Tex. March 15, 2021); *DRW Tex. LLC v. McGrew*, No. 19-CV-00830, 2019 WL 7761812, at *5 (W.D. Tex. Oct. 31, 2019) (holding that there was no substantial invocation where the party seeking arbitration filed a motion for preliminary injunctive relief).

Ogbeide does not cite any relevant case law in his section on waiver. Ogbeide first cites *Hooper v. Advance America, Cash Advance Centers of Missouri, Inc.*, 589 F.3d 917 (8th Cir. 2009). That case involved a party that filed a motion to dismiss and then filed a motion to compel

arbitration after filing the motion to dismiss.  In this court, TJH filed its motion to dismiss and motion to compel arbitration at the same time in the same motion.  The next case cited by Ogbeide is equally unavailing.  *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012).  In that case, the court found that the party had waived arbitration where the parties conducted discovery for more than a year, conducted many depositions, served and answered interrogatories, and produced approximately 900,000 pages of documents.  *Id*.  Here, no discovery has occurred, and TJH immediately filed a motion to dismiss to compel arbitration.

### VI.     Ogbeide Should Be Declared a "Vexatious Litigant"

Ogbeide barely responds to TJH's position that he should be declared a vexatious litigant and be precluded from filing in the Western District.  Ogbeide is a licensed attorney in Texas.  He knows better.  Ogbeide's conduct since TJH filed its motion to dismiss further underscores the need for injunctive relief.  The Court can see from the docket that Ogbeide has filed all kinds of nonsense notices and requests for reconsideration—all of these filings are clearly intended to harass TJH and its outside counsel.

### VII.    Conclusion

Ogbeide's claims are subject to a valid and enforceable arbitration agreement, and his claims should be dismissed and compelled to arbitration.  Because Ogbeide has filed these same claims in multiple forums, Ogbeide should also be declared a "vexatious litigant" and be prohibited from filing lawsuits against TJH on these same issues without seeking leave of court.

Dated: October 15, 2025                    Respectfully submitted,

                                           NORTON ROSE FULBRIGHT US LLP

                                           /s/ *Nathan Baum*
                                               Nathan Baum
                                               State Bar No. 24082665
                                               nathan.baum@nortonrosefulbright.com
                                               Mary Katherine Nix
                                               State Bar No. 24144075
                                               marykatherine.nix@nortonrosefulbright.com

                                           2200 Ross Avenue, Suite 3600
                                           Dallas, TX 75201
                                           Telephone: (214) 855-8000
                                           Facsimile: (214) 855-8200

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading has been served upon Mr. Ogbeide on this 15th day of October, 2025

                                           /s/ *Nathan Baum*
                                               Nathan Baum