IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

OSAYUKI MICHAEL OGBEIDE,           §
                                   §
          *Plaintiff,*             §          SA-25-CV-00646-OLG
                                   §
vs.                                §
                                   §
THOMAS J. HENRY, PLLC, LAURIE      §
DOBSON, NATHAN BAUM,               §
                                   §
          *Defendants.*            §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the above-styled cause of action.  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#6].  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution.

## I.  Background and Recommendation

On October 20, 2025, the Court issued an order compelling the parties to arbitration based on a binding arbitration agreement covering the claims at issue in Plaintiff's suit.  In that order, the Court ordered the parties to provide quarterly status updates on the progress of the arbitration and stayed this case pending the resolution of the arbitration.  On January 15, 2026, the Court received a quarterly report from Defendant informing the Court that Plaintiff has yet to initiate the arbitration and has been incarcerated in the Travis County Jail and Collin County Jail since December 23, 2025.  In light of the report from Defendant, the undersigned ordered that

1

Plaintiff serve his formal arbitration demand in accordance with the parties' arbitration agreement on or before April 16, 2026, and warned that if Plaintiff failed to do so prior to that date, Defendant should notify the Court, and the case could be dismissed for want of prosecution.

The Court's Order was served on Plaintiff at his address of record, which is not the address at any jail. The current inmate locator for both the Travis County and Collin County Jails show no record of Plaintiff. Plaintiff still has not initiated the arbitration he was ordered to file on October 20, 2025.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b). In light of Plaintiff's failure to file the ordered arbitration, the undersigned will recommend this action be dismissed for failure to prosecute and failure to follow a court order.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned recommends that this case be dismissed for failure to prosecute and failure to follow a court order.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing

2

objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 17th day of April, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE